# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSEI IVCHENKO,<br><br>Petitioners,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 1:26-cv-04355-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Petitioner's immediate release.

## I.

## BACKGROUND

Petitioner is a citizen of Russia who applied for admission to the United States at or near San Ysidro, California, on or about October 18, 2022. Petitioner was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). After his parole into the United States,[1] Petitioner attended all his immigration appointments. On February 12, 2026, Petitioner's U.S. citizen wife filed Form I-130, Petition for Alien Relative and Form I-485, Application to Register Permanent Residence or Adjust Status. (ECF No. 1 at 9.[2])

---

[1] Petitioner's parole expired on or around October 2023. (ECF No. 1 at 9.)
[2] Page numbers refer to the ECF pagination stamped at the top of the page.

Petitioner was arrested on or around April 23, 2026, in Texas, while he was working and in route from Maryland to Texas. He was stopped after a routine traffic stop while transporting cars. After the officer reviewed Petitioner's documents, Petitioner was detained because of an alleged U.S. Immigration and Customs Enforcement hold. Rather than subjecting Petitioner to expedited removal under 8 U.S.C. § 1225(b)(1), Respondents elected to place him in full removal proceeding under 8 U.S.C. § 1229a. Petitioner is currently detained at Golden State Annex in McFarland, California. (ECF No. 1 at 10.)

On June 8, 2026, Petitioner filed a petition for writ of habeas corpus challenging his re-detention on statutory and due process grounds. (ECF No. 1.) On June 9, 2026, Respondents filed a response. (ECF No. 5.)

## II.

## DISCUSSION

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

Respondents assert that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(1)(A)." (ECF No. 5 at 1.) This Court has previously rejected a similar argument:

> Additionally, petitioner is not now subject to expedited removal, because she was paroled into the United States in 2022. Section 1225(b)(1), the expedited removal provision, applies to "an alien ... who is arriving in the United States or ... [a]n alien ... who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility ...." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II).
>
> As someone who has been physically present in the United States for over two years, petitioner is not "an alien ... who is arriving in the United States." *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020) (explaining that a "person standing at the border is ... [at] the penultimate stage in the process of arriving in the United States" within the meaning of section 1225). And because petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A), she is not an "alien ... who has not been admitted or paroled ...." *Id.* The Court agrees with other courts which have found that a noncitizen who has been paroled into the United States cannot later be subject

2

to expedited removal, even if their parole has expired or been terminated. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *21–27 (D.D.C. Aug. 1, 2025); *N.Y.V.D. v. Santracruz*, No. 5:25-CV-03404-WLH-SP, 2025 WL 3786964, at *3 (C.D. Cal. Dec. 23, 2025); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4–5 (N.D. Cal. Sept. 5, 2025).

Robles-Rodriguez v. Lyons, No. 1:25-cv-02001-KES-SAB (HC), 2026 WL 303482, at *3–4 (E.D. Cal. Feb. 4, 2026).

Similarly, here, Petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) in October 2022, has been physically present in the United States for over two years, and thus, cannot later be subject to expedited removal. Accordingly, the undersigned recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A).

Additionally, for the reasons stated in R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the undersigned recommends granting the petition on the due process claim regarding Petitioner's re-detention. See also Anderson v. Chernut, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) ("Even though petitioner's parole authorization expired, petitioner maintains her liberty interest in continued release."); D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, 2026 WL 145646, at *4 (E.D. Cal. Jan. 20, 2026) ("[N]umerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his liberty interest does not expire along with his parole.").

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C., 2025 WL 3521304 (ordering immediate release of petitioner who allegedly violated

reporting requirements four times); Rocha Chavarria, 2025 WL 3533606 (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G., 2025 WL 3523108 (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S., 2025 WL 3167826 (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents do not allege, and there is nothing in the record before this Court, that Petitioner violated his conditions of release. Respondents do not contend that Petitioner is a danger or flight risk. Accordingly, the Court finds that Petitioner's immediate release is the appropriate remedy.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be directed to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his re-detention on April 23, 2026.

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2026**                     /s/ Erica P. Grosjean

                                        UNITED STATES MAGISTRATE JUDGE

5